### DORENFELD v. LIEBERMAN.

(Supreme Court, Appellate Term, First Department.   January 7, 1916.)

MUNICIPAL CORPORATIONS ⬥⇒808—OBSTRUCTION OF STREET—NUISANCE—ACTION FOR DAMAGES.

A stone in front of defendant's premises, which had been in the same place for over 16 years, during which it was not shown that any pedestrian had tripped over it, or that it created a dangerous situation, and which was not shown to extend beyond defendant's own property, or to be an unlawful obstruction in the street, was not a nuisance, and hence defendant was not liable for injury to plaintiff, a pedestrian, from tripping over it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684-1687, 1690-1694; Dec. Dig. ⬥⇒808.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Fannie Dorenfeld against Joseph Lieberman. From a judgment entered on a verdict of a jury, and from an order denying the defendant's motion to set aside the verdict and for a new trial, defendant appeals. Judgment reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Leonidas Dennis, of New York City (William Shea, of counsel), for appellant.

Charles S. Rosenthal, of New York City, for respondent.

LEHMAN, J.   The defendant is the owner of premises at 165 Rivington street, which he leases to a tenant as a shoe store. It appears that while the plaintiff was walking along Rivington street she tripped over a stone which extended some feet from the front of the shoe store and sustained injuries for which she has recovered this judgment.

The complaint is drawn upon the theory of either nuisance or negligence, but there is no doubt that no cause of action has been made out for negligence. She claims, however, that the judgment can be sustained on the ground that this stone constituted a nuisance. The

stone has been in the same place for over 16 years, during which time apparently no pedestrian tripped over it, and there is absolutely no evidence to show that its presence at that place creates in itself a dangerous situation. It therefore constitutes no nuisance, unless it is an unlawful obstruction in the street. The plaintiff says vaguely that it extended out into the sidewalk, but a photograph has been introduced in evidence, which shows that it is parallel to and within the line of a showcase extending out from the building proper. There is no proof in the case that the showcase or stone extended beyond the defendant's own property. In the absence of such proof, I do not think that we can presume that it was an unlawful structure. So far as the evidence shows, the stone may well have been merely a means of convenient access to the defendant's premises within his own property, and not constituting either an obstruction in the public street or a danger to pedestrians.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.